UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MAY FLOWER INTERNATIONAL, INC.,

                Plaintiff,                              **MEMORANDUM AND ORDER**

        v.                                         21-CV-02891 (RPK) (PK)

TRISTAR FOOD WHOLESALE CO INC.,
THUC NGHI TRAN, MICHAEL G. LIEN,
D & Z SUPERMARKET CORP.,
SHIZHAN WU, KATE PIAN, and
JOHN DOES 1-5,

                Defendants.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

        Plaintiff May Flower International, Inc. filed this action alleging violations of its trademark rights related to the packaging of its durian-cake product under the Lanham Act, 15 U.S.C. § 1114(1) *et seq.*, and common law trademark infringement and unfair competition. It names as defendants another importer and distributor of durian cakes, a supermarket, and individual defendants Thuc Nghi Tran, Michael G. Lien, Shizhan Wu, and Kate Pian, as well as several John Doe defendants. The defendants who have appeared in this action have moved to dismiss plaintiff's claims insofar as they relate to one of two trademarks that plaintiff invokes in this litigation. They have also moved to dismiss all claims against the named individual defendants. For the reasons stated below, plaintiff's claims are dismissed against Wu, and plaintiff is directed to show cause why the claims should not also be dismissed against Pian. The motion is otherwise denied.

## BACKGROUND

        The following factual allegations are taken from plaintiff's complaint, documents integral to plaintiff's complaint, and documents amenable to judicial notice.

1

Plaintiff imports durian cakes and distributes them across the United States. The packaging for plaintiff's durian cakes displays two federally registered trademarks. Compl. ¶ 1 (Dkt. #1). Mark No. 5,820,516 (the "'516 Mark") consists of the words "Mao Shan Wang" in English and Chinese characters. *Id.* ¶ 2. Mark No. 5,930,650 (the "'650 Mark") is a design that contains the '516 Mark and other graphic elements. *Id.* ¶¶ 8, 12.

Plaintiff filed this lawsuit raising trademark infringement and unfair competition claims connected to the '516 Mark and the '650 Mark against six named defendants: Tristar Food Wholesale Co. and its officers; D & Z Supermarket Corp.; Tran and Lien, who are officers of Tristar; and Wu and Pian, who are allegedly officers of D & Z Supermarket.

Tristar is another importer and distributor of durian cakes. *Id.* ¶¶ 24, 26. According to plaintiff, its durian cakes are sold in packaging with marks that are identical to, or almost identical to, plaintiff's registered marks. *Id.* ¶ 24. Plaintiff alleges that D & Z Supermarket sells Tristar's durian cakes. *Id.* ¶ 39.

As to the individual defendants, plaintiff alleges:

- "Upon information and belief," Thuc Nghi Tran "is the owner and chief executive officer of Tristar and therefore has the right and ability to control the actions of Tristar." *Id.* ¶ 7. Tran "directed Tristar's importation of the Infringing Products from China and distribution of the Infringing Products to this district." *Id.* ¶ 36. She is "personally involved in the infringing and unlawful conduct [and] is aware of it or should be aware of it." *Id.* ¶ 37. Further, under her direction, Tristar "imported large quantities of the Infringing Products from China and distributed them to supermarkets or retailers." *Id.* ¶ 39.

- "Upon information and belief," Michael G. Lien "is the Operation Manager of Tristar and therefore has the right and ability to control the actions of Tristar." *Id.* ¶ 8. Lien "was directly in charge of the importation of the Infringing Products and the sales operation and distribution of the Infringing Products in this District. In addition, Lien is in charge of Tristar's trademark application, maintenance, and legal compliance matters." *Id.* ¶ 38. Further, under his direction, Tristar "imported large quantities of the Infringing Products from China and distributed them to supermarkets or retailers." *Id.* ¶ 39.

2

- "Upon information and belief," Shizhan Wu "is the principal of D & Z [and] therefore has the right and ability to control the actions of D & Z." *Id.* ¶ 10. "Upon information and belief," Wu "authorized and directed" "the sale and distribution of the Infringing Products at D & Z." *Id.* ¶ 40.

- "Upon information and belief," Kate Pian "is the principal of D & Z [and] therefore has the right and ability to control the actions of D & Z." *Id.* ¶ 11. "Upon information and belief," Pian, "authorized and directed" "the sale and distribution of the Infringing Products at D & Z." *Id.* ¶ 40.

Plaintiff also names as defendants five unidentified John Does, whom plaintiff asserts "are associated with Defendants and have contributed to" their "unlawful activities." *Id.* ¶ 12.

Plaintiff brings five causes of action: (1) trademark counterfeiting under the Lanham Act; (2) trademark infringement under the Lanham Act; (3) unfair competition, false designation of origin and false description under the Lanham Act; (4) common law trademark infringement; and (5) common law unfair competition. *Id.* ¶¶ 42-58. All of these theories relate to defendants' use of the allegedly infringing marks in their course of business. *Ibid.*

All defendants other than Pian have appeared in this case. The appearing defendants have moved to dismiss against all defendants the portions of plaintiff's five claims that relate to the '516 Mark. They argue that the mark is generic and therefore cannot benefit from trademark protection. The appearing defendants have also moved to dismiss all claims against the individual defendants, arguing that plaintiff has not adequately set forth a basis for individual liability. *See* Mot. to Dismiss (Dkt. #23).

## DISCUSSION

Defendants' motion is granted in part and denied in part. The motion to dismiss all claims related to the '516 Mark is denied. The motion to dismiss the claims against the individual defendants as to Tristar's principals, Tran and Lien, is also denied. But I grant that motion as to Wu, the purported principal of D & Z who has appeared in this case. Plaintiff is ordered to show

3

cause why non-appearing Pian, D & Z's other purported principal, should not also be dismissed.

> **I.     The '516 Mark**

Defendants are not entitled to dismissal of the portions of plaintiff's claims pertaining to the '516 Mark on the theory that the mark is generic. Defendants argue, and plaintiff does not dispute, that all of plaintiff's claims based on the '516 Mark would fail if the '516 Mark covers a generic term. A mark is generic "if it . . . refer[s] to a genus of products rather than a particular producer's product." *Courtenay Commc'ns Corp. v. Hall*, 334 F.3d 210, 214 (2d Cir. 2003). "Generic marks . . . are not entitled to any protection against infringement" under either the Lanham Act or New York's common law of trademark. *TCPIP Holding Co. v. Haar Commc'ns, Inc.*, 244 F.3d 88, 93 (2d Cir. 2001) (citing *Abercrombie & Fitch Co. v. Hunting World, Inc.*, 537 F.2d 4, 10 (2d Cir. 1976)). And the theory of all of plaintiff's claims appears to be that defendants are infringing valid marks. Accordingly, if the '516 Mark is generic, plaintiff's claims related to that mark must fail.

Nevertheless, the motion to dismiss all claims related to the '516 Mark is denied, because it is premature to determine at the motion-to-dismiss stage whether the '516 Mark is generic. A trademark registered with the Patent and Trademark Office ("PTO") is presumed to be not generic. *See Reese Pub. Co. v. Hampton Int'l Commc'ns, Inc.*, 620 F.2d 7, 11 (2d Cir. 1980); *Lane Cap. Mgmt., Inc. v. Lane Cap. Mgmt., Inc.*, 192 F.3d 337, 345 (2d Cir. 1999). Accordingly, "when a plaintiff sues for infringement of its registered mark, the defendant bears the burden to rebut the presumption of the mark's protectability by a preponderance of the evidence." *Lane Cap. Mgmt*, 192 F.3d at 345 (citation omitted).

Defendants cannot rebut the presumption of protectability based on the arguments in their motion to dismiss. As a general matter, "[t]he classification of a mark is a factual question" that

"turns on how the purchasing public views the mark." *Courtenay*, 334 F.3d at 214-15 (citation and internal quotation marks omitted). Sources that may bear on the question include "consumer surveys, dictionary definitions, newspapers and other publications, generic use by competitors, testimony of lexicographers, generic use of the term by [the] mark's owner, and use of the term by third parties in trademark registrations." *FragranceNet.com, Inc. v. Les Parfums, Inc.*, 672 F. Supp. 2d 328, 333-34 (E.D.N.Y. 2009) (internal quotation marks omitted) (quoting *Jewish Sephardic Yellow Pages, Ltd. v. DAG Media, Inc.*, 478 F. Supp. 2d 340, 360 (E.D.N.Y. 2007)). Because the question of how the purchasing public views a mark is fact-intensive, it generally cannot be resolved on a motion to dismiss. *See, e.g.*, *id.* at 334 ("[T]he determination of [genericness] is inappropriate for a motion to dismiss.") (collecting cases); *accord N. Food I/E, Inc. v. Lam Sheng Kee (USA) Enter. Corp.*, No. 14-CV-811 (WFK) (JO), 2015 WL 13742379, at *4 (E.D.N.Y. Mar. 9, 2015).

Defendants suggest that this case is an exception to the general rule because the Court could take judicial notice of six newspapers articles and websites that appear to use "Mao Shan Wang" as a generic name for a durian variety. *See* Defs.' Mem. of L. in Supp. of Mot. to Dismiss 7-8 (Dkt. #23-1) ("Defs.' Mem."). Even assuming that the Court can consider these six documents under principles of judicial notice, this claim would fall short. These documents would be, at most, six pieces of evidence bearing on "how the purchasing public views the mark." *Courtenay*, 334 F.3d at 215 (citation omitted). But plaintiffs are entitled to put forward their own evidence on that question and have not done so yet. "At this early stage, when plaintiff has not had the opportunity to submit" such evidence, "a factual analysis [of that question] is inappropriate." *Manning Int'l Inc. v. Home Shopping Network, Inc.*, 152 F. Supp. 2d 432, 436 (S.D.N.Y. 2001); *see Textile*

*Deliveries, Inc. v. Stagno*, No. 90-CV-2020 (JFK), 1990 WL 155709, at *5 (S.D.N.Y. Oct. 9, 1990), *aff'd*, 52 F.3d 46 (2d Cir. 1995).

## II. Corporate Officers

Defendants' motion to dismiss the claims against the individual defendants is denied as to Tran and Lien, but granted as to Wu. And plaintiff is ordered to show cause why non-appearing defendant Pian should not also be dismissed from this case.

A corporate officer may be held liable for trademark infringement and unfair competition under several theories. First, under the Lanham Act, "[a] corporate officer may be held directly liable for trademark infringement and unfair competition if the officer is a 'moving, active, conscious force behind the defendant corporation's infringement.'" *Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*, 176 F. Supp. 3d 137, 155 (E.D.N.Y. 2016) (alterations omitted) (quoting *KatiRoll Co. v. Kati Junction, Inc.*, 33 F. Supp. 3d 359, 367 (S.D.N.Y. 2014)). That standard is satisfied "when the officer was either the sole shareholder and employee, and therefore must have approved of the infringing act, or a direct participant in the infringing activity." *Mayes v. Summit Ent. Corp.*, 287 F. Supp. 3d 200, 211 (E.D.N.Y. 2018) (internal quotation marks omitted) (quoting *Innovation Ventures*, 176 F. Supp. 3d at 155). Alternatively, an individual may be held vicariously liable under the Lanham Act if the "defendant and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product." *Kelly-Brown v. Winfrey*, 717 F.3d 295, 314 (2d Cir. 2013) (citation and internal quotation marks omitted). Finally, an individual may be held liable for contributory trademark infringement under the Lanham Act if the individual "(1) intentionally induced the primary infringer to infringe, or (2) continued to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the particular product

6

supplied." *Ibid.* (citation and internal quotation marks omitted). Because "the elements necessary to prevail on causes of action for trademark infringement and unfair competition under New York common law mirror the Lanham Act claims," *Pado, Inc. v. SG Trademark Holding Co. LLC,* 537 F. Supp. 3d 414, 428 (E.D.N.Y. 2021) (citations omitted), the same analysis controls individual liability for plaintiff's state-law claims.

### A. Tran and Lien

Plaintiff has adequately pleaded that Tran and Lien are individually liable for trademark infringement and unfair competition under a theory of direct liability. The complaint alleges that Tran "directed Tristar's importation of the Infringing Products from China and distribution of the Infringing Products to this district," Compl. ¶ 36, and "imported large quantities of the Infringing Products from China and distributed them to supermarkets or retailers," *id.* ¶ 39. It alleges that Lien, who oversaw "Tristar's trademark application, maintenance, and legal compliance matters," *id.* ¶ 38, was "directly in charge of the importation of the Infringing Products and the sales[,] operation and distribution of the Infringing Products in this District," and that he, too, "imported large quantities of the Infringing Products from China and distributed them to supermarkets or retailers," *id.* ¶ 39. The allegations that Tran and Lien imported large quantities of infringing products into this district and distributed them to stores here—while not especially detailed— allege direct participation in the infringing activity. District courts have found comparably specific allegations were sufficient to state a claim. *See, e.g.*, *Pado*, 537 F. Supp. 3d at 427; *Mayes*, 287 F. Supp. 3d at 212; *Logicom Inclusive, Inc. v. W.P. Stewart & Co.*, No. 04-CV-0604 (CSH), 2004 WL 1781009, at *16 (S.D.N.Y. Aug. 10, 2004).

The decisions on which Tran and Lien rely in seeking dismissal are not analogous. Those cases dismissed claims against individual defendants based on "entirely conclusory allegations"

7

that defendants were the "moving, act[ive], and conscious forces" behind alleged infringement, *Engine Cap. Mgmt., LP v. Engine No. 1 GP LLC*, No. 21-CV-149 (VM), 2021 WL 1372658, at *13 (S.D.N.Y. Apr. 12, 2021) (citation omitted); *see Hectronic GmbH v. Hectronic USA Corp.*, No. 20-CV-2964 (LLS), 2020 WL 6947684, at *6 (S.D.N.Y. Nov. 24, 2020), unaccompanied by allegations of "any specific actions authorized" by the individual defendants, *N. Food I/E, Inc.*, 2020 WL 9607108, at *11 (citing *Coty Inc. v. Cosmopolitan Cosms. Inc.*, 432 F. Supp. 3d 345, 353 (S.D.N.Y. 2020)). As explained above, plaintiff has alleged specific actions undertaken by Tran and Lien.

### B. Wu and Pian

Plaintiff's claims against Wu are dismissed because plaintiff has not adequately pleaded them, and plaintiff is directed to show cause why the same result should not apply to the claims against non-appearing defendant Pian. The complaint's allegations regarding both alleged principals of D & Z are made entirely upon information and belief. *See* Compl. ¶¶ 10, 11, 40. Specifically, plaintiff alleges that "[u]pon information and belief," Wu and Pian are "the principal[s] of D & Z [and] therefore ha[ve] the right and ability to control the actions of D & Z," *id.* ¶¶ 10, 11, and that "[u]pon information and belief," they "authorized and directed" "the sale and distribution of the Infringing Products at D & Z," *id.* ¶ 40.

A plaintiff may plead facts upon information and belief only in limited circumstances. Such pleading is permitted only where "[1] the facts are peculiarly within the possession and control of the defendant or [2] where the belief is based on factual information that makes the inference of culpability plausible." *Citizens United v. Schneiderman*, 882 F.3d 374, 384-85 (2d Cir. 2018) (internal quotation marks omitted) (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)). Even then, statements made upon information and belief must be supported

8

by some factual allegations making them plausible. *See Sula v. Miranda,* 830 F. App'x 341, 345-346 (2d Cir. 2020) (rejecting plaintiff's allegations "upon information and belief" regarding an employee's role in a termination decision because plaintiff set out "no factual basis to support it"); *Yamashita v. Scholastic, Inc.*, 936 F.3d 98, 105, 107 (2d Cir. 2019) (rejecting plaintiff's allegation "upon information and belief" that defendant exceeded its license to use certain photos because the complaint lacked more specific factual allegations making that claim plausible); *Pyskaty v. Wide World of Cars, LLC,* 856 F.3d 216, 226 (2d Cir. 2017) (rejecting plaintiff's allegation "upon information and belief" that defendant "'regularly' induces customers to purchase vehicles based on false or inaccurate information" as "entirely speculative" when the complaint pleaded no further facts to support it) (citation omitted).

These requirements are not satisfied here. The identities of corporate officers are hardly the type of closely held information that is "peculiarly within the possession and control" of those officers. *Citizens United*, 882 F.3d at 384-85 (citation omitted); *see, e.g.*, *Nixon v. Inquisitr Ltd.*, No. 20-CV-1819 (JS) (SIL), 2021 WL 3667154, at *5 (E.D.N.Y. Aug. 17, 2021); *Kingvision Pay-Per-View, Ltd. v. Los Mellizos Bar Rest. Corp.*, No. 06-CV-6251 (NG) (RER), 2007 WL 1703773, at *2 (E.D.N.Y. June 8, 2007). And plaintiff has not set out supporting facts to make plausible its inference that Wu and Pian are D & Z's principals. *See Citizens United*, 882 F.3d at 384-85. Similarly, plaintiff's bare allegation that "[u]pon information and belief" Wu and Pian "authorized and directed" "the sale and distribution of the Infringing Products at D & Z," Compl. ¶ 40, is not adequate to state a claim because it is unaccompanied by any "factual basis to support it," *Sula*, 830 F. App'x at 345-46. Indeed, plaintiff has not even attempted to argue that the requirements for pleading on information and belief are satisfied with respect to any of these allegations. *See*

9

Pl.'s Mem. of L. in Opp'n to Mot. to Dismiss 14-15 (Dkt. #27). Accordingly, plaintiff's claims against Wu are dismissed.

While defendant Pian has not appeared, the reasoning that justifies dismissal of the claims against appearing defendant Wu appears to require the same result as to non-appearing defendant Pian. Accordingly, plaintiff is ordered to show cause within fourteen days of this order why the claims against Pian should not be dismissed. *See Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) ("[A] district court has the power to dismiss a complaint sua sponte for failure to state a claim on which relief can be granted" as long as the court gives "the plaintiff an opportunity to be heard.") (citations omitted).

## CONCLUSION

Defendants' motion to dismiss all claims related to the '516 Mark is denied. Defendants' motion to dismiss all claims against the individual defendants is denied with respect to the claims against Tran and Lien but granted with respect to the claims against Wu. Within fourteen days of the date of this order, plaintiff shall show cause why Pian should not be dismissed from this case. If plaintiff wishes to amend its pleadings, it shall file a motion within 30 days of the issuance of this order seeking leave to amend with the proposed Second Amended Complaint attached as an exhibit. The motion should explain how the Second Amended Complaint addresses the pleading defects identified in this opinion.

SO ORDERED.

      */s/ Rachel Kovner*
      RACHEL P. KOVNER
      United States District Judge

Dated: September 28, 2022
      Brooklyn, New York